JjSHORTESS, J.,
CONCURRING.
The trial court’s oral reasons state:
Your writ of mandamus asks for the notice, and from my reading of both 39:1581, the Department is supposed to promulgate procedures that are not inconsistent with the provisions of this chapter. R.S. 39:1673(C) requires reasons, stating the reasons for the action taken. R.S. 38:2212(J) also makes those requirements. So it appears to be obvious that it is clear and not subject to discretion. There ap *699 pears to be no basis for discretion in 38:2212(J)(1).
The court will issue a writ of mandamus ordering that the Department of Transportation give written notice of the disqualification to the bidder, and include in the written notice all the reasons for the proposed disqualification.
[[Image here]]
And inform the contractor of his right to administrative and judicial review.
The written judgment orders DOTD to “complete requirements of Louisiana Procurement Code [LA.R.S. 39:1673(0 ] and Public Bid Laws [LA.R.S. 38:2212(J)(1) and (2) ]” without articulating a decree from either section.
I think the trial court held only that plaintiff was entitled to 1) written reasons from the defendant explaining why DOTD advised Oxy it had been awarded the contract, permitted Oxy to execute the contract and furnish bonds, and then almost ten months later advised Oxy it had awarded the contract to another contractor, and 2) formal notice of Oxy’s rights to administrative and judicial review. Assuming I am correct, then this is a “breach of contract controversy” under Louisiana Revised Statute 39:1673 and this is a case to affirm.
I respectfully concur.